UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARVIN PEARLSTEIN, Individually and on Behalf of All Others Similarly Situated, | * * * | |
| Plaintiff, | * * | |
| | * | Civil Action No. 19-mc-91091 |
| v. | * * | Southern District of New York |
| BLACKBERRY LIMITED, THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, | * * * * | Action No: 13 Civ. 7060 (CM KHP) |
| Defendants. | * | |

MEMORANDUM & ORDER

November 18, 2019

TALWANI, D.J.

BlackBerry Limited ("BlackBerry") and the Federal Bureau of Investigation ("FBI") have filed a renewed Joint Motion for an Order to Authorize Production of Unredacted Documents [#10]. For the following reasons, this motion is ALLOWED IN PART and DENIED IN PART.

I.   Background

BlackBerry is defending a securities fraud lawsuit in the Southern District of New York (the "Pearlstein action") that alleges that BlackBerry made fraudulent and misleading statements about the market success of its Z10 smartphone. BlackBerry made the statements at issue in a press release responding to an equity research analyst report published by Detwiler Fenton (the "Report") that alleged the Z10 was experiencing historically poor sales.

BlackBerry served a subpoena in the Pearlstein action on the FBI to produce certain investigative materials, primarily FD-302 memoranda, that BlackBerry contends are relevant to

BlackBerry's defense of the securities fraud claims. The FBI informed BlackBerry that, absent court order, it would not produce the documents related to its investigation without redactions, citing the Privacy Act, 5 U.S.C. § 552a, the Department's "Touhy" regulations, and Department of Justice policy. See Unopposed Mot. to Compel 1 [#1].

BlackBerry has submitted several motions to compel the FBI to produce the redacted documents, initially with the FBI's non-opposition or assent, and then as a joint motion. See Unopposed Mot. Compel [#1], Renewed Unopposed Mot. Compel [#5], Joint Mot. Order Authorizing Produc. Unredacted Docs. [#8]. See also 5 U.S.C. § 552a(b)(11) (permitting disclosure "pursuant to the order of a court of competent jurisdiction). The court denied each, without prejudice, due to concerns that disclosure of the unredacted documents, without any notice of the disclosure and the opportunity to oppose the disclosure, would constitute an unwarranted invasion of the named individuals' privacy. See Orders [#3], [#6], [#9]. As stated in the most recent order, the Privacy Act establishes a general rule that executive agency records shall not be disclosed without the consent of "the individual to whom the record pertains." Order 3 [#9] (citing 5 U.S.C. § 552a(b)). Although the Privacy Act allows for disclosure of protected information without consent of the named individual upon court order, the court must still consider whether disclosure would "threaten[] the interests protected by statutory publication bans" such as the Privacy Act. Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987). The court concluded that compelling disclosure without notice and without consideration of the privacy interests of the named individuals ran afoul of the recognized interests of these individuals in the nondisclosure of the documents. The court directed BlackBerry that any future motions to compel should include either a cognizable rationale for not informing the interested individuals of the disclosure, or a certification that the interested individuals had been notified.

See Order 5 [#9].

    II.    The Pending Motion

BlackBerry and the FBI have now renewed their motion pursuant to Federal Rule of Civil Procedure 26(c) and 37(a) and 5 U.S.C. § 552a. Joint Mot. Order Authorize Produc. Unredacted Docs. [#10]. They seek an order authorizing the FBI to produce documents in response to the subpoena, without redacting the names of listed individuals, but designating the documents as Confidential under the terms of the protective order that governs discovery in the Pearlstein action. Cf. Laxalt, 809 F.2d at 889 ("when the District Court considers a request for a Privacy Act order in the discovery context it must consider the use of protective orders"). BlackBerry certifies that it has now provided notice to the thirty individuals whose protected information is at issue. Six lodged objections with the court. Four objected directly to BlackBerry. Of the ten objectors, four apparently served as attorneys for clients during the FBI's investigation. Twenty individuals did not respond.

"Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984); see also Laxalt, 809 F.2d at 890 ("Where the actual content of the record has the potential to cause harm to the affected party, a court supervising discovery should consider this factor in determining how to exercise its traditional authority to limit disclosure"). BlackBerry asserts that the Pearlstein action alleges that the Detwiler Fenton Report was accurate, that BlackBerry was aware that the Report was accurate, and that BlackBerry's press release rebutting the Report was false and misleading. The documents at issue are from the FBI's criminal investigation of conduct related to the Detwiler Fenton Report. As a result of that investigation, an executive at a wireless retailer was found to

have engaged in a scheme to defraud his employer by providing confidential business information concerning sales data and other information about publicly traded companies, including BlackBerry, to Detwiler Fenton. See United States v. Dunham, No. 1:15-cr-10110-DPW (D. Mass.). BlackBerry asserts that an affidavit filed by an FBI special agent in the criminal case undermines the accuracy of the Detwiler Fenton Report. See BlackBerry's Suppl. Mem. 3-4 [#13]. Based on this information, BlackBerry contends that the documents from this investigation are relevant to its defense, and that the documents, in unredacted form, are not useful in its defense.

For the twenty individuals who did not lodge objections to disclosure, the court concludes that there is no potential harm to the subject of the disclosure and disclosure is warranted. Accordingly, the court will authorize the FBI to produce documents in response to BlackBerry's subpoena without redacting the names of these twenty individuals, and to produce, without redactions, documents (including text messages and emails) provided by any of those individuals to the FBI.[1]

This leaves the ten individuals[2] who did raise objections to the production of their information, and as to whom the court must weigh their privacy interest against BlackBerry's need for the information.

BlackBerry has identified the role in this dispute of only one of the six non-attorney objectors. BlackBerry asserts that Jeff Johnston was the Detweiler Fenton analyst who received

---

[1] All such documents will be subject to the Protective Order in the Pearlstein action. Before deposing any of these individuals, BlackBerry shall provide such individual with a copy of those documents produced by the FBI that includes information provided by that individual to the FBI.

[2] BlackBerry argues that four of these individuals waived their privacy interests by submitting objections to BlackBerry instead of the court. This argument warrants little discussion; the form of the objection does not obviate the fact that there is an objection and a stated privacy interest by the individual.

the information from the wireless retailer executive that led to the Detwiler Fenton Report. As such, the interview memoranda and other materials concerning Mr. Johnston do appear to be of substantial importance to BlackBerry's defense in the Pearlstein action.

BlackBerry argues that Mr. Johnston "does not have a privacy interest in his involvement in the FBI investigation because it is already a matter of public record, having been publicly disclosed by prosecutors and reported in the national media." BlackBerry's Supp. Mem. 6 [#13] (citing Gawker Media, LLC v. Fed. Bureau of Investigation, 145 F. Supp. 3d 1100, 1108 (M.D. Fla. 2015)). Mr. Johnston's claim to privacy is distinguishable from that addressed in Gawker Media, however, as nothing in the record here suggest that Mr. Johnston was the target of the investigation, and BlackBerry has made no showing that Mr. Johnston disclosed publicly the information he provided to the FBI. Accordingly, the court rejects BlackBerry's argument that Mr. Johnston has no privacy interest in the documents.

Although Mr. Johnston maintains a privacy interest in his communications with the FBI, the court finds that BlackBerry's need for the information Mr. Johnston provided to investigators outweighs Mr. Johnston's privacy interests. Accordingly, the court will authorize the FBI to produce documents in response to BlackBerry's subpoena without redacting Mr. Johnson's name, but subject to the Protective Order in the Pearlstein action. Because Mr. Johnston did submit an objection to disclosure, BlackBerry shall also provide Mr. Johnston with a copy of documents that the FBI produces that contain information provided to the FBI by Mr. Johnston.

BlackBerry has not identified the role in this dispute of the other five non-attorney objectors. As BlackBerry has not explained how the interview memoranda for the remaining objectors is relevant, the court finds on this record that these individual's privacy interests outweigh BlackBerry's need for the information.

BlackBerry similarly has not explained how disclosure of the attorneys' names in the documents would assist BlackBerry in its defense. Instead, BlackBerry asserts that the attorneys have no privacy interest in the disclosure of their names. BlackBerry cites Gawker Media, for its conclusion that "an attorney does not have a privacy interest in his identity remaining private if that attorney openly represents their client in a court proceeding." BlackBerry's Supp. Mem. 7 [#13] (citing 145 F. Supp. 3d at 1109–10). Once again, Gawker Media is easily distinguished since there is no evidence before the court that the four objecting attorneys were publicly associated with this investigation, that the attorneys appeared on behalf of their clients in open court, or that they appeared on any other publicly accessible record that was associated with this investigation. Finding that the attorneys have a privacy interest here, where there has been no public disclosure of their representation of specific clients, and that BlackBerry has not explained how the attorneys' names on the FBI documents is relevant to the Pearlstein action, the court finds on this record that the attorneys' privacy interests outweigh BlackBerry's need for the information.

ACCORDINGLY,

The Joint Motion for an Order to Authorize Production of Unredacted Documents [#10] is ALLOWED IN PART and DENIED IN PART, as follows:

1. The FBI is hereby authorized to produce all documents responsive to BlackBerry's subpoena without redacting the names of the twenty individuals who did not submit objections to the court or to BlackBerry and without redacting Jeff Johnston's name. The FBI is further authorized to produce, without redactions, documents (including text messages and emails) provided by any of those individuals or by Mr. Johnson to the FBI. BlackBerry shall promptly provide Mr. Johnston a copy of documents obtained from the FBI that contain

statements or information provided to the FBI by Jeff Johnston or that are documents obtained by the FBI from Mr. Johnston. Before deposing any of the remaining individuals who provided information to the FBI, BlackBerry shall provide such individual with a copy of documents obtained from the FBI that contain statements or information provided to the FBI by such individual or that are documents obtained by the FBI from such individual.

2. The FBI shall redact the names of the nine other objectors from the documents responsive to BlackBerry's subpoena before providing copies to BlackBerry.

3. All documents that are being disclosed by the FBI subject to this court's order shall be identified as confidential subject to the parties' Confidentiality Agreement and Stipulated Protective Order in the Pearlstein action.

IT IS SO ORDERED.

Date:   November 18, 2019                                          /s/ Indira Talwani
                                                                                  United States District Judge